STEVEN GAECHTER, ESQ.
58 Main Street
Hackensack, NJ 07601
Tel: (201) 488-1540
Fax: (201) 488-8429
Attorney for Plaintiff

| | |
|---|---|
| MATILDE D. NOCUM,<br><br>Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>CIVIL ACTION NO.:<br><br>Civil Action<br><br>**COMPLAINT** |

Plaintiff, Matilde C. Nocum, residing at 558 Kennedy Boulevard, Bayonne, New Jersey 07002, Hudson County, by way of Complaint against the Defendants, states:

**Jurisdiction and Venue**

1. Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of employee welfare benefit plans which, in this case, consists of group long term and short term disability insurance policies issued by The Prudential Insurance Company of America, and provided by The Bank of New York Mellon Corporation to Matilde D. Nocum, one of its employees. In addition, this action may be brought before this Court pursuant to 28 U.S.C. §1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefits denials. Those avenues of appeal have been exhausted.

3. Venue is proper in the District of New Jersey. 29 U.S.C. §1132(e)(2), 28 U.S.C. §1391.

**Nature of Action**

4. This is a claim seeking an award to plaintiff of disability income benefits pursuant to employee welfare benefit plans ("Plans") providing group long term and short term disability benefits to employees of The Bank of New York Mellon Corporation under a policy of insurance issued by The Prudential Insurance Company of America. This action, seeking recovery of benefits, is brought pursuant to Section 502(a)(1)(B) of ERISA (29 U.S.C.§1132(a)(1)(B).

**The Parties**

5. Matilde D. Nocum is a resident of Bayonne, Hudson County, New Jersey, located in the District of New Jersey.

6. The Prudential Insurance Company of America ("Prudential") is designated as the Insurer and Claims Administrator of the Plans. The Defendant is, and at all times relevant hereto, doing business within the District of New Jersey.

7. At all times relevant hereto, both Plans constituted an "Employee Welfare Benefit Plan" as defined by 29 U.S.C. §1002(1); and incident to her employment, Matilde D. Nocum, received coverage under the Plan as a "participant" as defined by 29 U.S.C. §1002(7). This claim relates to benefits under the foregoing Plans.

**Claim For Benefits**

8. Matilde D. Nocum was a full-time The Bank of New York Mellon Corporation employee and she was actively employed as a Senior Securities Processing Associate until November 1, 2013 when she ceased working due to injuries she sustained as a result of being struck as a pedestrian by a truck resulting in medical impairments including but not limited to a traumatic brain injury, left temporal subarachnoid hemorrhage, post concussion syndrome, vertigo with migraine headaches, multiple cervical and lumbar disc herniations, cervical and lumbar radiculopathy, TMJ syndrome, right shoulder impingement, cognitive dysfunction, and memory loss. Plaintiff has not returned to work since November 1, 2013 due to her disabling impairments.

9. Subsequent to ceasing her employment, Plaintiff made a claim for benefits under the Plans stating that she met the Plan's definition of "total disability" on account of her condition which rendered her unable to perform her job duties.

10. Plaintiff's claim was initially approved by Prudential and she was paid benefits through January 19, 2014 at which time Prudential terminated benefits on the basis of their contention that she was no longer disabled as that term is defined in the Plan.

11. Since November 1, 2013, through the present time, Plaintiff has been "totally disabled" as such term is defined in the Plan.

12. Subsequently, Plaintiff submitted an administrative appeal of the termination of her disability claim in accordance with 29 U.S.C. §1133. In support of her appeal, Plaintiff submitted reports attesting to her "total disability" from treating and examining physicians and other relevant evidence, establishing her continued disability.

These materials were submitted in compliance with Prudential's suggestions regarding how Plaintiff could perfect her appeal.

13. In response to Plaintiff's appeal, by letter dated September 4, 2014, Prudential provided Plaintiff with a final determination of her claim upholding the termination and denial of benefits. As a result of the issuance of the final determination, all administrative remedies have been exhausted and this matter is ripe for judicial review.

14. The determination by Prudential that Plaintiff is not totally disabled as defined by the Plan is contrary to the welfare benefit plans and has no rational support in the evidence.

15. Prudential's determination of Plaintiff's claim was the result of several factors which demonstrate an abuse of discretion pursuant to *Glenn v. Metropolitan Life Insurance Company*, 54 U.S. 185 (2008) including but not limited to:

a) A financial conflict of interest in that Prudential acted as both the payor as well as the adjudicator or Plaintiff's claim;

b) Prudential ignored an award of Social Security Disability benefits after encouraging Plaintiff to apply;

c) Prudential failed to analyze and consider all relevant diagnoses;

d) Prudential failed to analyze and consider Plaintiff's actual job requirements in view of her impairments;

e) Prudential engaged in self-serving selectivity in the use of medical evidence and unduly relied upon self-serving paper reviews by its own non-examining

medical consultants over the opinions of Plaintiff's treating physicians without adequate explanation.

16. The aforementioned actions of Prudential in its handling and determination of Plaintiff's claim were arbitrary and capricious.

17. As a direct and proximate result thereof, based on the evidence submitted to Prudential establishing that Plaintiff has met the Plan's definition of 'total disability" continuously since November 1, 2013, Plaintiff is entitled to payment of temporary disability benefits due after January 9, 2014 and her monthly disability insurance payments retroactive to 180 days from the date of her disability; and such benefits must be continued until Plaintiff recovers from her disability, death, or to age 65, whichever comes first.

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against the Defendants and that the Court order the Defendants to pay temporary and long term disability income benefits to Plaintiff in an amount equal to the contractual amount of benefits to which Plaintiff is entitled under the plans.

B. That the Court order the Defendants to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

C. That the Court order Defendants to continue paying Plaintiff's benefits until such time as she meets the policy conditions for discontinuance of benefits;

D. That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. §1132(g); and

E. That Plaintiff recover any and all other relief to which she may be entitled, as well as the costs of suit.

/s/ Steven Gaechter
STEVEN GAECHTER

Dated: July 8, 2015